# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
PAUL and JENNIFER SOLTERO, as        *
Parents and Natural Guardians of their *
son, A.O.S.,                          *
                                      *        No. 12-558V
              Petitioners,            *        Special Master Christian J. Moran
                                      *
v.                                    *
                                      *
SECRETARY OF HEALTH                   *        Filed: January 17, 2014
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Anne C. Toale, Maglio Christopher & Toale, Sarasota, FL, for petitioners.
Melonie J. McCall, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Paul and Jennifer Soltero filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 et seq., on August 31, 2012.  Their petition alleged that their minor child, A.O.S., suffered an adverse reaction, and subsequently died, as a result of the pneumococcal vaccine A.O.S. received on August 2, 2011.  The information in the record, however, does not show entitlement to an award under the Program.

### I.  Procedural History

On August 31, 2012, Mr. and Mrs. Soltero, on behalf of their minor child, A.O.S., filed a petition alleging that A.O.S.'s death was caused in fact by a pneumococcal vaccine she received on August 2, 2011.  No medical records were filed with the petition as required by 42 U.S.C. § 300aa—11(c).

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

On August 16, 2013, respondent filed a Rule 4(c) report in which she concluded that Mr. and Mrs. Soltero failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by a preponderance of the evidence that A.O.S.'s death was caused-in-fact by the pneumococcal vaccine A.O.S. received on August 2, 2011.  Respondent's Report at 13.  Respondent noted that Mr. and Mrs. Soltero failed to put forth a medical theory of causation and failed to file medical literature or an expert medical opinion explaining how the pneumococcal vaccine could have caused A.O.S.'s death.  Id. at 12.

On October 9, 2013, Mr. and Mrs. Soltero were ordered to file an expert report by January 7, 2014.  On January 7, 2014, petitioners' counsel filed a motion for an extension of time to file an expert report, noting that she had lost contact with Mr. and Mrs. Soltero and thus had not had the opportunity to discuss with them the expert's findings.  A status conference was then scheduled for January 16, 2014.

On January 16, 2014, Mr. and Mrs. Soltero moved for a decision dismissing their petition.  They noted that "[a]n investigation of the facts and science supporting their case has demonstrated . . . that they will be unable to prove that they are entitled to compensation."  Mot. for a Decision Dismissing Petition at ¶ 1.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine.  See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).  An examination of the record did not uncover any evidence that A.O.S. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that A.O.S.'s death was vaccine-caused.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—13(a)(1).  In this case, because the medical records do not support Mr. and Mrs. Soltero's claim, a medical opinion must be offered in support.  Mr. and Mrs. Soltero, however, have offered no such opinion.  Accordingly, it is clear from the record in this case that they have failed to demonstrate either that A.O.S. suffered a "Table Injury" or that A.O.S.'s injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Tucker McCarthy, at (202) 357-6392.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master