# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
PAUL and JENNIFER SOLTERO, as             \*
Parents and Natural Guardians of their    \*    No. 12-558V
son, A.O.S.,                              \*    Special Master Christian J. Moran
                                          \*
        Petitioners,           \*    Filed: March 24, 2014
                                          \*
v.                                        \*
                                          \*    Attorneys' fees and costs; stipulation of
SECRETARY OF HEALTH                       \*    facts; award in the amount to which
AND HUMAN SERVICES,                       \*    respondent does not object.
                                          \*
        Respondent.            \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Anne C. Toale</u>, Maglio Christopher & Toale, Sarasota, FL, for petitioners.
<u>Melonie J. McCall</u>, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION ON FEES AND COSTS**[1]

      On March 20, 2014, respondent filed a stipulation of facts regarding attorneys' fees and costs in the above captioned matter. Previously, petitioners, Paul and Jennifer Soltero ("the Solteros"), informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioners' application, respondent raised objections to certain items. Based on subsequent discussions, petitioners amended their application to request $19,275.50, an amount to which respondent does not object. The Court awards this amount.

      The Solteros filed a petition for compensation on August 31, 2012, alleging that their son, A.O.S., was injured by the pneumococcal conjugate vaccine he received on August 2, 2011. They filed his medical records on September 11, 2012, as required by 42 U.S.C. § 300aa-11(c) and Vaccine Rule 2(c)(2)(A). Additional records were filed on December 21, 2012 and June 13, 2013.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On August 16, 2013, respondent filed a report pursuant to Vaccine Rule 4(c) in which she concluded that the Solteros failed to produce preponderant evidence showing that A.O.S. suffered an injury listed in the Vaccine Injury Table, located at 42 C.F.R. § 100.3.

On January 16, 2014, the Solteros filed a motion for a decision dismissing their petition. In their motion, the Solteros conveyed that "[a]n investigation of the facts and science supporting their case has demonstrated . . . that they will be unable to prove that they are entitled to compensation." They added that, under such circumstances, "to proceed further would be unreasonable and would waste the resources of the Court, the Respondent, and the Vaccine Program." Motion at ¶¶ 1-2. A decision dismissing the petition for insufficient proof was issued on January 17, 2014.

Even though compensation was denied, petitioners who bring their petition in good faith and who have a reasonable basis for the petition may be awarded attorneys' fees and costs. See 42 U.S.C. § 300aa–15(e)(1). Here, counsel for petitioners gathered and filed medical records, consulted an expert report, and moved for a decision on the record when further investigation revealed that petitioners were unlikely to prove their case. Thus, because petitioners' counsel acted in good faith and because there was a reasonable basis for proceeding, petitioners are eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioners failed to satisfy these criteria.

The Solteros seeks a total of **$19,275.50** in attorneys' fees and costs for their counsel. Additionally, in compliance with General Order No. 9, the Solteros state that they incurred no out-of-pocket litigation expenses while pursuing this claim. Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards a check made payable to petitioners and petitioners' attorney in the amount of **$19,275.50** for attorneys' fees and other litigation costs. The Court thanks the parties for their cooperative efforts in resolving this matter.

The Clerk shall enter judgment accordingly.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.